UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHANIE COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| MIDLAND FUNDING LLC, AND | ) |
| MIDLAND CREDIT | ) **JURY TRIAL DEMANDED** |
| MANAGEMENT INC., | ) |
| | ) |
| Defendants. | ) |

## Complaint for Damages

Plaintiff Stephanie Cook ("Plaintiff") files her Complaint for Damages against the Defendants Midland Funding, LLC and Midland Credit Management, Inc. ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq*. ("GFBPA.")

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2).

4.  This Court also has supplemental jurisdiction with respect to Plaintiff's claims under the Georgia Fair Business Practices Act ("GFBPA") pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this Court because the communications giving rise to this action (and which violated the FDCPA) were sent to Plaintiff while she resided within the Macon Division of the United States District Court for the Middle District of Georgia.

## Parties

6.  Plaintiff is a natural person residing in Byron, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

7.  Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8.  Defendant Midland Funding, LLC ("Midland") is a junk debt buyer and a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.  Summons and Complaint may be served on Midland by service on its registered agent for service of process in Georgia, Corporation Service Company,

located at Midland's registered address in this state, 40 Technology Parkway South, Suite 300, Norcross, GA 30092, or wherever they may be found.

10. Defendant Midland Credit Management, Inc. ("MCM") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Summons and Complaint may be served on MCM by service on its registered agent for service of process in Georgia, Corporation Service Company, located at MCM's registered address in this state, 40 Technology Parkway South, Suite 300, Norcross, GA 30092, or wherever they may be found.

12. Midland and MCM are both in the business of debt collection and have no other purpose than the collection of debts.

13. Midland and MCM both primarily collect consumer debts.

14. Thus, both Midland and MCM's principle purpose is the collection of consumer debt.

15. Midland and MCM directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia. These communications were received by Plaintiff in this judicial district.

16. Midland and MCM use the mails and interstate commerce in the collection of consumer debts regularly.

17. Midland and MCM regularly contact consumers and attempt to collect debts from consumers residing in this judicial district and throughout Georgia.

## The Fair Debt Collection Practices Act

18. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Jerman v. Carlisle, McNellie, Rini, Kramer. & Ulrich L.P.A.*, 559 U.S. 573, 576 (2010).

## Facts

19. Sometime prior to January 1, 2017, Plaintiff incurred a financial obligation ("the Debt") with Synchrony Bank for a Walmart branded credit card.

20. Plaintiff tendered payment to Synchrony Bank on May 18, 2017 in the form of a check, which satisfied the outstanding balance remaining on the Debt.

21. The Debt was incurred for personal, family, or household purposes and not for a business or commercial purpose.

22. For reasons unknown to Plaintiff, Synchrony Bank did not apply her May 18, 2017 payment toward her account despite negotiating the check from Plaintiff.

23. Plaintiff disputed Synchrony Bank's reporting of her account, providing copies of the cancelled check.

24. Each of the major consumer reporting agencies noted Plaintiff's Synchrony Bank account was "disputed."

25. Synchrony Bank subsequently sold the Debt to Midland.

26. At the time Synchrony Bank sold the Debt to Midland, Plaintiff did not owe any amount to Synchrony Bank for the Debt.

27. Midland regularly purchases thousands of accounts from creditors like Synchrony Bank.

28. Midland purchases these accounts "as is" and expressly acknowledges the creditor is not providing any warranty to the accuracy of the information provided to Midland.

29. Synchrony Bank disclaimed all warranties as to the accuracy of Synchrony Bank's information regarding Plaintiff's account when Midland purchased the Debt (along with thousands of other accounts from Synchrony Bank.)

30. Midland doesn't have any procedure in place to verify the account information given to Midland when it purchases accounts from original creditor.

31. Instead, Midland blindly relies on the information given by the original creditor despite knowing the information is frequently incomplete, inaccurate, or wholly incorrect.

32. Midland placed the Debt with MCM for collection.

33. Midland treated the Debt as being in default when it placed the Debt to MCM for collection.

34. MCM has no policies or procedures to verify the information regarding an account given to MCM by Midland.

35. All of MCM's attempts to collect the Debt were at the direction of, for the benefit of, and with the approval of Midland.

36. Midland and MCM (collectively "Defendants") work in tandem to collect consumer debts like the Debt in this case.

37. Defendants rely on automated processes to "load" data and information from original creditors into their collection systems.

38. There is little or no oversight by anyone working for Defendants prior to a dunning letter being sent to a consumer.

39. Defendants sent Plaintiff an initial dunning letter on May 30, 2018 for the Debt.

40. A true and accurate copy of the May 30, 2018 dunning letter is attached hereto as Exhibit "A."

41. The May 30, 2018 dunning letter alleged the Debt was $977.39.

42. Plaintiff did not owe either Defendant any amount on May 30, 2018.

43. Plaintiff did not owe Synchrony Bank any amount for the Debt on May 30, 2018.

44. Defendants knew the information given to it regarding the Debt was inaccurate, incomplete, or incorrect because Defendants obtained copies of Plaintiff's Trans Union credit report on April 5, 2018 and April 25, 2018.

45. At the very least, Defendants knew there was a dispute as to the amounts allegedly owed by Plaintiff for the Debt.

46. Defendants ignored this information and instead attempted to collect the Debt.

47. Defendants sent a second dunning letter on June 8, 2018, informing Plaintiff the Defendants made "numerous attempts to contact [Plaintiff] regarding" her account and boldly displaying a statement the dunning letter is her "FINAL NOTICE."

48. A true and accurate copy of the June 8, 2018 dunning letter is attached hereto as Exhibit "B."

49. The statements made in the June 8, 2018 dunning letter contradict or obfuscate Plaintiff's rights enumerated in 1692g and by the May 30, 2018 dunning letter.

50. The June 8, 2018 dunning letter was sent in such close proximity as the June 8, 2018 dunning letter to cause Plaintiff to act to contact Defendants and forego her rights under 1692g.

## Causes of Action

### Count I – Violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq.*

51. Plaintiff is a "consumer" as defined by as that term is defined by 15 U.S.C. § 1692a(3).

52. The Debt is a "debt" as that term is defined by 15 U.S.C.

53. Defendants are both a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

54. The May 30, 2018 and June 8, 2018 dunning letters are both a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

55. Defendants' use of the use of the written communication in the form attached as Exhibit "A" and Exhibit "B" violated the FDCPA in one or more of the following ways :

    i. Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt, which constitutes a violation of 15 U.S.C. § 1692e, by using false, deceptive, or misleading information in connection with the collection of a consumer debt by creating the false sense of urgency in the June 8, 2018 dunning letter and contradicting Plaintiff's rights as enumerated in 1692g and the May 30, 2018 dunning letter;

    ii. Seeking to collect an amount greater than what could legally be collected from Plaintiff and, thus, making a false, deceptive, or misleading representation regarding the amount of the alleged debt in violation of 15 U.S.C. §§ 1692e(2)(A) 1692f(1);

      iii. By "overshadowing" Plaintiff's rights under 1692g by sending the June 8, 2018 dunning letter which was likely to confuse and did confuse the Plaintiff of her rights under 15 U.S.C. § 1692g; and,

      iv. Using unfair and unconfinable means in connection with the collection of a debt by seeking to collect an amount not authorized by agreement or statute in violation of 15 U.S.C. §1692f(1) by attempting to collect Defendants were not authorized to collect from Plaintiff.

56. Defendants' actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

57. As result of each Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## Count II – Georgia Fair Business Practices Act
## O.C.G.A. §§ 10-1-390 *et seq.*

58. The GFBPA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1).

59. A violation of the FDCPA is a violation of the GFBPA. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

60. Plaintiff submitted a pre-suit demand to Defendants, which Defendants rejected.

61. Defendants' violations of the FDCPA were done intentionally and willfully, were not the result of error, and were not in conformity with any law, regulation, consent order, or other promulgation of rules.

62. Defendants' violations of the FDCPA caused Plaintiff to suffer actual damages in the form of stress, anxiety, and emotional distress.

63. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendants' intentional and/or willful violations of the FDCPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from each Defendant.

## **Demand for a Jury Trial**

64. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual and statutory damages in an amount in excess of $1,000.00;

b) The trebling of damages as contemplated by the GFBPA;

c) The award of costs and reasonable attorneys' fees pursuant to the FDCPA in an amount to be proven at trial but in excess of $5,000.00;

d) Damages in an amount to offset any tax consequences incurred by Plaintiff for any award of attorneys' fees or costs received by Plaintiff while acting as a private attorney general to enforce the provisions of 15 U.S.C. § 1692 et seq.;

e) Pre- and post-judgment interest, if applicable;

f) Such other and further relief as the Court may deem just, necessary, or appropriate.

Submitted April 27, 2019.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com